UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
STEVEN MACKENZIE,

                     Petitioner,

                                                  OPINION & ORDER
- against -                           CV-07-4559 (SJF)

LOUIS MARSHALL, Superintendent
Sing Sing Correctional Facility,

                     Respondent.
----------------------------------------------------------X
FEUERSTEIN, J.

On June 7, 2002, a judgment of conviction was entered against Steven Mackenzie ("petitioner") in the County Court of the State of New York, County of Nassau (Wexner, J.), upon his plea of guilty to one (1) count of attempted burglary in the second degree and imposition of sentence. On October 24, 2007, petitioner filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that he was denied his right to counsel on his direct appeal of the judgment of conviction.

For the reasons set forth herein, the petition is denied and the proceeding is dismissed.

I.      BACKGROUND

On June 7, 2002, a judgment of conviction was entered against petitioner in the County Court of the State of New York, County of Nassau (Wexner, J.), upon petitioner's plea of guilty

1

to one (1) count of attempted burglary in the second degree and imposition of sentence, as a persistent violent felony offender, to an indeterminate term of imprisonment of twelve (12) years to life.

On June 10, 2002, petitioner's trial counsel filed a timely notice of appeal of the judgment of conviction with the Supreme Court of the State of New York, Appellate Division, Second Judicial Department. On December 13, 2002, petitioner moved the Appellate Division for leave to proceed as a poor person and for the assignment of counsel on his appeal. By order dated March 6, 2003, the Appellate Division denied petitioner's motion with leave to renew upon submission of proper papers, including an affidavit by petitioner setting forth his full financial situation. Petitioner never renewed his application for poor person relief or the assignment of counsel.

By order dated December 27, 2006, more than three (3) years after entry of petitioner's judgment of conviction, the Appellate Division ordered petitioner to show cause, on or before January 22, 2007, why his appeal should not be dismissed as abandoned pursuant to N.Y.C.P.L. § 460.70(2)(c) and 22 N.Y.C.R.R. 670.8(f). On or about January 4, 2007, petitioner responded to the order to show cause by submitting an affidavit demonstrating his indigency and claiming that he was entitled to the assignment of counsel on the appeal. Petitioner did not, however, explain his almost four (4) year delay in submitting an affidavit demonstrating indigency; his failure to renew his application for leave to proceed as a poor person and for the assignment of counsel; or his failure to timely perfect his appeal.

By order dated February 16, 2007, the Appellate Division dismissed petitioner's appeal from his judgment of conviction as abandoned. By order dated April 18, 2007, the Appellate Division denied petitioner's motion to recall and vacate the order dismissing his appeal, to reinstate the appeal and to enlarge his time to perfect the appeal. By certificate dated July 17, 2007, the New York State Court of Appeals denied petitioner's application for permission to appeal to that court from the February 16, 2007 order of the Appellate Division.

On October 24, 2007, petitioner filed a petition pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus on the basis that his right to counsel on direct appeal of his judgment of conviction was violated when the Appellate Division dismissed his appeal without first assigning him counsel in violation of his equal protection and due process rights.

II. DISCUSSION

A. Standard of Review

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254, governs applications of incarcerated state court defendants seeking federal habeas corpus relief. Under the AEDPA, a federal court may grant a writ of habeas corpus to a state prisoner on a claim that was "adjudicated on the merits" in state court only if it concludes that the adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts

3

in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).[1] Once claims have been adjudicated on the merits, " a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); 28 U.S.C. § 2254 (d)(1). Alternatively, a federal habeas court may "'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts' of a petitioner's case.'" Wiggins v. Smith, 539 U.S. 510, 520, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003) (citing Williams, 529 U.S. at 413, 120 S.Ct. 1495). Under this standard, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams, 529 U.S. at 411, 120 S.Ct. 1495; see also Wiggins, 539 U.S. at 520-21, 123 S.Ct. 2527 (holding that the state court's decision must have been more than incorrect or erroneous; its application must have been "objectively unreasonable."). The state court's determination of factual issues "shall be presumed to be correct," and the applicant "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see Schriro v. Landrigan, 550 U.S. 465, 473-74, 127 S.Ct 1993, 167 L. Ed. 2d 836 (2007).

---

[1] Though it appears that the Appellate Division did not refer to federal law in denying petitioner's claim, a state court decision can adjudicate a fairly-represented claim "on the merits" even if it does not discuss the claim or reference federal law. Sellan v. Kuhlman, 261 F.3d 303, 311-312 (2d Cir. 2001).

B. Failure to Assign Counsel on Direct Appeal

Petitioner claims that he was denied the right to counsel on his appeal from the judgment of conviction, in violation of the Sixth Amendment to the United States Constitution, as a result of the Appellate Division's denial of his motion for the assignment of counsel and subsequent dismissal of his appeal as abandoned, which violated the equal protection and due process rights guaranteed him by the Fourteenth Amendment to the United States Constitution.

The Counsel Clause of the Sixth Amendment provides that a criminal defendant "shall enjoy the right . . . to have Assistance of Counsel for his defense." U.S. Const. amend. VI. While the United States Constitution does not require that a state provide for appellate review of a state court criminal conviction, see Halbert v. Michigan, 545 U.S. 605, 610, 125 S.Ct. 2582, 162 L.Ed.2d 552 (2005), where a state has integrated appellate courts into its criminal justice system, then "the procedures used in deciding appeals must comport with the demands of the Due Process and Equal Protection Clauses of the Constitution." Evitts v. Lucey, 469 U.S. 387, 393, 105 S. Ct. 830, 83 L. Ed. 2d 821 (1985); see also Williams v. Oklahoma City, 395 U.S. 458, 459-60, 89 S. Ct. 1818, 23 L. Ed. 2d 440 (1969). Thus, a state's established appellate procedure must "affor[d] adequate and effective appellate review to indigent defendants." Smith v. Robbins, 528 U.S. 259, 276, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000); see also Griffin v. Illinois, 351 U.S. 12, 16-20, 76 S.Ct. 585, 100 L.Ed.2d 891 (1956) (holding that a State may not grant appellate review in such a way as to discriminate against some convicted defendants on account of their poverty). The critical inquiry regarding whether a criminal defendant was denied his right to counsel on his direct appeal as of right in violation of his Fourteenth Amendment rights

5

is whether he "manifested his indigency and desire to appeal." U.S. ex rel. Edwards v. Follette, 281 F.Supp. 632, 635 (S.D.N.Y. 1968) (internal citations omitted), aff'd, 399 F.2d 298 (2d Cir. 1968). Once a criminal defendant has manifested his indigency and desire to appeal, "the burden shifts to the state to properly process his appeal." Id.

New York provides criminal defendants with a direct appeal as of right from their criminal convictions. See N.Y. C.P.L. § 450.10. Thus, due process and equal protection considerations require that the right of criminal defendants, such as petitioner, to appeal their criminal convictions not be abridged by reason of their poverty.

In order to commence a criminal appeal in New York, the defendant is required to file a notice of appeal from the judgment of conviction within thirty (30) days from its date of entry. See N.Y. C.P.L. § 460.10; 22 N.Y.C.R.R. §670.3(b). A notice of appeal of petitioner's judgment of conviction was filed on petitioner's behalf on June 10, 2002, thus manifesting petitioner's desire to appeal his judgment of conviction.

New York law also provides procedures for obtaining free transcripts, i.e., proceeding "as a poor person" on the appeal, and for the assignment of counsel. See N.Y. C.P.L. § 460.70; N.Y. County Law § 722; N.Y. Judiciary Law § 35; see generally N.Y. Rules of the Appellate Division, Second Judicial Department ("Second Department Rules"), § 670.1, *et seq.* Petitioner was clearly aware of his right to seek to proceed as a poor person and the assignment of counsel on his appeal, since he filed an application for such relief on December 13, 2002. The Appellate Division denied his motion on the basis that he failed to demonstrate his indigency, but granted him leave to renew his motion upon submission of proper papers regarding his full financial

situation.[2] Since petitioner never renewed his motion, and he does not allege that he did not receive or was not aware of the March 6, 2003 order, he failed to demonstrate his indigency on his direct appeal and, thus, his entitlement to assigned counsel on the appeal.[3] Absent a manifestation of indigency, petitioner cannot establish a violation of his Fourteenth Amendment rights based upon the Appellate Division's failure to assign counsel to him on the appeal. <u>Fullan v. Commissioner of Corrections of State of New York</u>, 891 F.2d 1007, 1011 (2d Cir. 1989) (holding that a criminal defendant is not entitled to prosecute his direct appeal at public expense absent a factual demonstration of indigency).

N.Y. Crim. Proc. Law § 470.60(1) provides, in pertinent part, that:

> At any time after an appeal has been taken and before determination thereof, the appellate court in which such appeal is pending may, upon motion of the respondent or upon its own motion, dismiss such appeal upon the ground of * * * failure of timely prosecution, or perfection thereof, or other substantial defect, irregularity or failure of action by the appellant with respect to the prosecution or perfection of such appeal.

In addition, section 670.8(f) of Rules of the Appellate Division, Second Judicial Department provides, in pertinent part, that "[n]otwithstanding any of the provisions of this Part, an unperfected criminal appeal by a defendant shall be deemed abandoned in all cases where no

---

[2] The Appellate Division granted petitioner leave to renew his motion upon submission of, *inter alia*, an affidavit setting forth: (1) his full financial situation including all assets, both real and personal, as well as any and all sources of income before conviction, and (2) if on bail before conviction, the amount and source of the bail money, and if bail was petitioner's own money, what happened to the same after conviction.

[3] Petitioner was clearly capable of submitting the appropriate affidavit, as he belatedly submitted such an affidavit in response to the Appellate Division's order to show cause why his appeal should not be dismissed as abandoned.

application has been made by the defendant for the assignment of counsel to prosecute the appeal within nine [9] months of the date of the notice of appeal, * * *." 22 N.Y.C.R.R. § 670.8(f).

On December 27, 2006, more than three (3) years after the March 6, 2003 order denying petitioner's motion for the assignment of counsel with leave to renew and more than four (4) years after petitioner filed his notice of appeal, the Appellate Division ordered petitioner to show cause, on or before January 22, 2007, why his appeal of the judgment of conviction should not be dismissed as abandoned. Thus, the Appellate Division provided petitioner with notice of the impending dismissal and an opportunity to be heard prior to the dismissal, thereby satisfying due process requirements. Moreover, the dismissal of petitioner's appeal was based upon his failure to timely comply with the Appellate Division's March 6, 2003 order and New York rules of procedure regarding seeking poor person relief, the assignment of counsel and the perfection of criminal appeals, not upon his indigency. Thus, there was no violation of petitioner's equal protection rights. Therefore, the Appellate Division's failure to assign counsel to petitioner on his direct appeal of his judgment of conviction and subsequent dismissal of petitioner's direct appeal as abandoned was not contrary to, nor an unreasonable application, of federal law.

III. Conclusion

The petition for a writ of habeas corpus is denied and the proceeding is dismissed. Since petitioner has failed to make a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253; see also Miller-El v. Cockrell, 537

U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); Luciadore v. New York State Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000); Kellogg v. Strack, 269 F.3d 100, 102 (2d Cir. 2001).

Petitioner has a right to seek a certificate of appealability from the Court of Appeals for the Second Circuit. See 28 U.S.C. § 2253. The Clerk of the Court is directed to close this case.

SO ORDERED.

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: November 5, 2009
       Central Islip, New York

Copies to:

Steven Mackenzie, *pro se*
Sing Sing Correctional Facility
354 Hunter Street
Ossining, New York 10562